(136 So. 589)

In re OPINIONS OF THE JUSTICES.

In re HOUSE BILL 1204, IMPOSING EXCISE TAX ON GASOLINE.

No. 13.

Supreme Court of Alabama.

Aug. 21, 1931.

Lange, Simpson & Brantley and F. E. Blackburn, all of Birmingham, amici curiæ.

To the Justices of the Supreme Court of Alabama, Montgomery, Alabama.

Gentlemen: Under section 10290, Code of Alabama, I am requesting an opinion of the Justices of the Supreme Court on the following important Constitutional questions:

On July 25, 1931, the Legislature of Alabama finally passed an Act known as House Bill No. 1204, a copy of which is hereto attached and marked Exhibit "A."[1] This Act was presented to me, as Governor, on the 25th day of July, 1931, and was approved by me on July 27, 1931.

The Act was introduced in the House of Representatives on the 9th day of July, 1931, and on that date had its first reading. It was referred to the Standing Committee on Rules. On the same date it was returned by said Committee with a favorable report. On the 14th day of July, 1931, the bill had its second reading in the House of Representatives. On the 16th day of July, the bill was passed by the House of Representatives.

It was then sent to the Senate on July 16th, had its first reading, and was referred to the Committee on Finance and Taxation. On July 21st the bill was favorably reported by the Committee and had its second reading. On July 25th the act had its final reading and was adopted by the Senate, yeas 20—nays 9.

The Act was amended several times, both in the House and Senate but all amendments were finally concurred in by both houses and the act was finally adopted by both on the 25th day of July, 1931, and was passed as shown in attached copy.

You will note that the Act was considered in the two Houses on the following dates: July 9th, 14th, 16th, 21st and 25th.

July 9th was the Forty-sixth legislative day; July 14th was the Forty-seventh legislative day; July 16th was the Forty-eighth

legislative day; July 21st was the Forty-ninth legislative day and July 25th was the Fiftieth and last legislative day.

The Act states as its purpose: "To impose for the use and purpose of supervising, preserving, maintaining, constructing and regulating the use of public roads and bridges in the State of Alabama and to maintain and supervise State convicts while working upon such roads and bridges, an excise tax on all persons, companies," etc.

The contention has been made that the act is a revenue bill and offends section 70 of the Constitution of Alabama, which provides, "No revenue bill shall be passed during the last five days of the session." The bill was passed during the last five days of the session.

The contention is made by others that section 70 refers only to the General Revenue Bill and that this act does not offend the section. Contention is further made that the act is not a revenue bill within the meaning of the Constitution, but is an act which has primarily for its purpose, "To provide for supervising, preserving, maintaining, constructing, regulating the use of public roads and bridges in the State of Alabama, and maintaining and supervising State convicts while working upon such roads and bridges," and that for this reason it does not offend section 70 of the Constitution.

When this act was prepared and introduced in the House of Representatives, it provided for two cents excise tax on gasoline to go to the State of Alabama for the use and purpose of supervising, preserving, maintaining, constructing and regulating the use of public roads and bridges in the State of Alabama, and for maintaining and supervising State convicts while working upon such roads and bridges, and specifically provided that it was not a revenue measure.

By amendment the tax was reduced to one cent per gallon and it was provided that after October 1, 1932, the proceeds of said tax should be divided among the sixty-seven counties of the State.

If the act is unconstitutional, the State should not collect the excise tax on gasoline provided for in it, and if it is constitutional the tax should be collected.

Will you please give a written opinion on the following question:

1. Does the act set out as Exhibit "A" offend section 70 of the Constitution because passed during the last five days of the session?

Respectfully,

B. M. Miller, Governor.

Montgomery, Alabama, August 10, 1931.

Hon. B. M. Miller, Governor of Alabama.

Dear Sir: Replying to your inquiry of the 10th, we will say:

The provision of section 70 of our Constitution, saying: "No revenue bill shall be passed during the last five days of the session," was construed in Kennamer v. State, 150 Ala. 74, 43 So. 482. That case involved the provisions of a local road law levying a privilege tax on vehicles for the construction and maintenance of public roads.

This levy was sustained upon the ground that the purpose was not simply to raise revenue, but to require those deriving a special benefit from the use of the roads, and imposing a special burden in the maintenance of same, to pay a reasonable sum for the privilege, the proceeds to be devoted to road purposes.

The construction and maintenance of highways is referable to the police power of the state in promoting the public convenience and welfare.

The Kennamer Case is authority for the view that legislation to that end, and not for revenue merely, is not a "revenue bill" within the quoted clause of section 70.

An excise tax on motor fuels is levied for like reasons as the vehicle tax considered in the Kennamer Case; namely, special burdens for special benefits.

The legislative intention to bring the present act within the police power is indicated by the title and the body of the act. We are of opinion the act may be sustained on this ground. See, also, Sheppard v. Dowling, 127 Ala. 1, 28 So. 791, 85 Am. St. Rep. 68; Bozeman v. State, 7 Ala. App. 151, 61 So. 604.

We are not inclined, however, to limit our opinion to a merely negative view. We think it proper to define affirmatively the meaning of "revenue bill" as used in the provision in question.

This provision is new to the Constitution of 1901. Former state Constitutions, following the Federal Constitution, required merely that bills for raising revenue originate in the House of Representatives.

The convention of 1901 sought to remedy certain evils attending the framing and passage of the "General Revenue Bill" at each session of the Legislature. Accordingly the old section was revised and extended by a provision that the Governor, Auditor, and Attorney General should prepare and submit to each incoming Legislature a general revenue bill. In connection with and as part of such revision was inserted the provision that no "Revenue Bill" should be passed within the last five days of the session.

Extended debate on the preparation and passage of general revenue bills attended the consideration of this section.

Upon reaching the clause in question, Hon. W. C. Oates, chairman of the committee re-

porting the revised section, said: "That is to give the Governor time to look over it and examine it carefully. The Governor may veto any item in it, and that item can be considered by the General Assembly while the balance of it remains good."

General Oates had been Governor, and knew the evils attending the passage of a general revenue bill during the last hours of the session.

We may note such bills are excepted from section 45, requiring a single subject. Legislators get no information from the title touching the wide range of taxation embodied therein.

Clearly General Oates had general revenue bills in mind in the above-quoted remarks. A bill dealing with one specific tax for a specified purpose, all shown in the title, would require no more time for examination by the Governor than most other bills. The convention approved this provision without further remarks thereon. See Report of Official Proceedings of Constitution Convention, 49th day.

In Wofford Oil Co. v. Smith (D. C.) 263 F. 396, 404, the court took the view, tentatively expressed, that this provision should be limited to "revenue bills" which purport to be such. The decision was written by Judge Clayton, and concurred in by Judges Walker and Grubb, all federal jurists from the Alabama bar.

Judge R. W. Walker was a member of the Constitutional Convention which framed this section.

Restrictions and limitations on legislative power are not to be unduly extended.

We are of opinion the evils aimed at were those attending the passage of bills in the nature of general revenue bills, and it should be so limited. We conclude the act in question is not within the inhibition.

Signed this 21st day of August, 1931.

> JNO. C. ANDERSON, Chief Justice.
> LUCIEN D. GARDNER,
> WILLIAM H. THOMAS,
> VIRGIL BOULDIN,
> A. B. FOSTER,
>
> Associate Justices.

Justice BROWN'S views, Concurring in Part.

The tax sustained in Kennamer v. State, 150 Ala. 74, 43 So. 482, was levied by the court of county commissioners of Jackson county as a privilege tax on "persons hauling logs, lumber, or other timber of whatsoever description over the public roads of the county," as authorized by a local act "to provide for the maintenance, improvement and protection of the public roads of Jackson county, Alabama, and to provide for the levy of a special road tax." Loc. Acts 1903, pp. 682–689.

The tax so levied affected only those who made use of the public roads, and was sustained as an excise tax referable to the police power of the state upon those who derived a special benefit from the use of the public roads.

The levy under the act in question, however, is not limited to those who use gasoline or motor fuels on the highways. It applies to and affects all users of gasoline, whether for tilling the soil, motive power for operating machinery, in manufacturing enterprises, aeroplanes, the operation of. railroads, and other purposes too numerous to mention— uses that are a matter of common knowledge.

In my judgment the act, though clothed in phraseology to bring it within the police power, is in fact an act to raise revenue, and one under the Constitution that necessarily had to originate in the House of Representatives. Perry County v. Selma, Marion & Memphis R. Co., 58 Ala. 546.

I agree to the last proposition, however, that the inhibition in section 70 of the Constitution, that "No revenue bill shall be passed during the last five days of the session," applies only to general revenue bills, as distinguished from "bills for raising revenue," and that it does not offend section 70 of the Constitution.

> Respectfully submitted,
> JOEL B. BROWN, Associate Justice.