140 So. 744

### STATE ex rel. FRANKLIN COUNTY v. HESTER.

### 8 Div. 341.

Supreme Court of Alabama.

March 31, 1932.

Travis Williams, of Russellville, for appellant.

FOSTER, J.

The purpose of this suit is to test the constitutionality of the Act of July 22, 1931. Acts, p. 604.

The title of that act purports to amend section 4½ of the General Revenue Act of 1919, p. 284. No other feature of the act refers in terms to the Revenue Act of 1919. But it relates to the matter embraced in section 4½ of the Revenue Act. That act created a trial tax of $3 in every case in the circuit court and directed its payment into the general funds of the state treasury. The act of 1931 re-enacts the provision for a trial tax fixing the same amount, but provides that one-half of it shall be paid to the state and one-half to the county, and that the clerk or register may retain a commission of 5 per cent. The act, therefore, does not raise, increase, or decrease revenue.

The mere fact that a bill relates to a subject embraced in the General Revenue Act does not make it, we think, a revenue bill. Neither is it a bill to raise revenue. Perry County v. Selma, M. & M. R. Co., 58 Ala. 546; Kennamer v. State, 150 Ala. 74, 43 So. 482; Bozeman v. State, 7 Ala. App. 151, 61 So. 604.

We have recently held that section 70 of the Constitution only applies to "revenue bills" which purport to be such, and does not extend to every bill whose chief aim is to raise revenue. In re Opinion of the Justices, 223 Ala. 369, 136 So. 589; State v. Henry (Ala. Sup.) 139 So. 278 (18).[1] We there discussed the circumstances leading to section 70, and its purpose. We think it is clear that the mere fact that a bill proposes to change some features of the revenue act with respect to the disposition of funds raised under its terms does not make it a "revenue bill" regulated by the provisions of Constitution section 70. Such a bill is not "in the nature of a general revenue bill."

The law and equity court sustained demurrer to the petition on the ground that the act of 1931 violated section 70 of the Constitution, and dismissed the petition. Not being in accord with that view, we find it necessary to reverse that judgment and remand the cause for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

