142 So. 509

## WOCO PEP CO. OF MONTGOMERY v. BUT-LER, Chairman of State Tax Commission, et al.

### 3 Div. 2.

Supreme Court of Alabama.

May 26, 1932.

Rehearing Denied June 18, 1932.

Lange, Simpson & Brantley and Ormond Somerville, Jr., all of Birmingham, for appellant.

**BROWN, J.**

The Legislature, by an Act approved July 27, 1931, entitled "An Act to impose, for the use and purpose of supervising, preserving, maintaining, constructing and regulating the use of public roads and bridges in the State of Alabama, and to maintain and supervise state convicts while working upon such roads and bridges, an excise tax on all persons, companies, agencies, corporations and associations who sell, distribute, store or draw from storage for any purpose whatsoever, gasoline or any other liquid motor fuels or devices or any substitutes therefor within the State of Alabama; providing for the collection of such excise tax and the payment of same into the State Treasury to the credit of the State Highway Department for the public road and bridge fund; providing for the enforcement of this Act and fixing a penalty for the violation of the provisions hereof; providing that the said excise tax so imposed shall be in addition to all other excise tax now imposed by law; and providing that freight agents of railroads and all agents of all transportation companies operating within the State of Alabama and who transport motor fuels, shall report to the State Tax Commission all shipments of gasoline or any substitutes therefor, received at any of their stations within the State," levied an excise tax of 1 cent per gallon, in addition to all other taxes levied on gasoline or other liquid motor fuels, on all distributors, retail dealers, and storers of such motor fuels in this state, as defined by the act. Gen. Acts 1931, p. 859.

The appellant, alleging that it was and had been for a number of years engaged in the business affected by said act, filed the bill in this case to enjoin the state tax commission and its agents from enforcing said act against it and collecting the tax thereunder, on the grounds that the act is violative of sections 45, 70, and 71 of the Constitution of 1901, and of the Fourteenth Amendment to the Federal Constitution.

The respondents demurred to the bill for want of equity and on specific grounds, among others, that the averments of the bill that the act violated the Constitution is the mere conclusion of the pleader. The demurrer was sustained and the complainant has appealed.

The questions presented will be considered in the order treated in appellant's brief, limiting consideration to the questions argued.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellees.

258

■ The first contention is that the effect of the statement in the title, "Providing for the collection of such excise tax and the payment of same into the State Treasury to the credit of the State Highway Department for the public road and bridge fund," is to narrow and restrict the scope of the title and render the act broader than the title, with the result that the subject of the act is not clearly expressed in the title, as required by section 45 of the Constitution.

The argument is that the title so framed gives no clew to the provisions of section 2-A of the act, that the tax collected less cost of collection, after October 1, 1932, "shall be paid to the County Treasurer or the depository of the several counties in equal shares for a period of three years, to be used exclusively by said counties in constructing and maintenance of public roads and bridges within the several counties," and section 8 embodying a like provision as section 2-A, with the further provision that "the tax herein imposed shall cease and become inoperative on the first day of October, 1935"; and section 14-A providing, "that in the event an amendment to the Constitution authorizing the issue of new or additional bonds for the construction of public roads and highways be ratified, then, in that event a sufficient amount of the tax herein levied and collected shall be applied to the payment of interest on said bonds and to create and provide a sinking fund to pay said bonds." That these provisions constitute a substantial departure from the subject expressed in the title, rendering the title deceptive and misleading, and the act should be condemned as "hodgepodge or logrolling" legislation.

The subject dealt with by the act is an excise tax levied on the gallonage basis, and imposed on all persons engaged in the business of selling, distributing, storing, or drawing from storage for any purpose whatsoever, gasoline and other liquid motor fuels and all substitutes therefor within the state, for the purpose of "supervising, preserving, maintaining, constructing and regulating the use of public roads and bridges," in addition to all other taxes imposed by law on such occupations. Our judgment is that this subject is single and clearly expressed; that so much of the title and the provisions embodied in the act as relate to the collection and disposal of the funds to be gathered from the tax, are subsidiary, germane, and cognate to the subject of the law, and therefore the act is not repugnant to section 45 of the Constitution.

■ The rule of our cases, applying this section of the Constitution, is, that "when there is fair expression of the subject in the title, all matters reasonably connected with it, and all proper agencies or instrumentalities, or measures, which will or may facilitate its accomplishment, are proper to be incorporated in the act, and, as usually said, are cognate or germane to the title." Lindsay v. United States Savings & Loan Association et al., 120 Ala. 156, 173, 24 So. 171, 176, 42 L. R. A. 783; First Nat. Bank v. Smith, 217 Ala. 482, 117 So. 38; Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126; State ex rel. Ham v. Brock, Clerk, 180 Ala. 505, 61 So. 646.

The highway department and the several counties are made agencies of the state for carrying out the purpose of the act, and there is no departure from that purpose by the provision requiring the funds gathered by the tax to be paid to the several counties, after October 1, 1932. The same is true as to the provisions of section 14-A, authorizing the use of the revenue in part for the payment of interest on bonds issued for the construction and maintenance of public roads and bridges.

The same considerations expressed in First Nat. Bank of Eutaw v. Smith, supra, differentiating that case from the holding in First Nat. Bank of Evergreen v. Hagood, 206 Ala. 308, 89 So. 497, are applicable here, differentiating the case at bar from the Hagood Case.

■ The next contention is that the bill, which originated in the house, is *a revenue bill*, and was passed during the last five days of the legislative session, in violation of section 70 of the Constitution of 1901.

Section 31, article 4, of the Constitution of 1875 provided that "all bills for raising revenue shall originate in the house of representatives; but the senate may propose amendments, as in other bills." This section, as rewritten by the constitutional convention of 1901 and adopted as section 70 of the Constitution of 1901, reads as follows: "All bills for raising revenue shall originate in the house of representatives. *The governor, auditor, and attorney-general shall, before each regular session of the legislature, prepare a general revenue bill to be submitted to the legislature, for its information, and the secretary of state shall have printed for the use of the legislature a sufficient number of copies of the bill so prepared, which the governor shall transmit to the house of representatives as soon as organized, to be used or dealt with as that house may elect.* The senate may propose amendments to *revenue bills. No revenue bill shall be passed during the last five days of the session.*" (Italics supplied.)

The provisions italicized were incorporated in the revision of this section, and when this section as revised is considered in connection with the remarks of the chairman of the committee in presenting the revision to the constitutional convention, adverted to in Re Opinions of the Justices (In re House Bill 1204, Imposing Excise Tax on Gasoline), 223 Ala. 369, 136 So. 589, involving the act in question here, we are still of the opinion that

the last clause of the section, that "No revenue bill shall be passed during the last five days of the session," referred to and was intended by the Constitution makers to apply only to the general revenue bill.

And the fact that the Constitution makers also revised the second to the last clause, so as to authorize the senate to propose amendments to the general revenue bill, as well as to amend specific bills for raising revenue, does not militate against, but strengthens this interpretation. In other words, the revision related exclusively to and affected general revenue bills. In re Opinions of Justices, etc., supra; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744.

■ The next, and last contention of the appellant is, to quote from its brief, "that the levy of a tax or fee, under the police power of the State, upon the right to engage in the business of selling a commodity—gasoline— or upon the right to sell it or the right to withdraw it from storage and put it to any use whatsoever, cannot be reasonably considered as having a legitimate relationship to the regulation, construction, supervision and maintenance of the public roads and bridges or the guarding and supervision of convicts on the roads," and therefore the classification violates the provisions of the Fourteenth Amendment to the Federal Constitution guaranteeing to every citizen the "equal protection of the law."

The fault in this contention is that it assumes that the enactment of the statute must be referred to the exercise of the police power alone.

■ It is well settled that the imposition of excise taxes may be referred to both the power to tax for revenue and the police power. Western Union Telegraph Co. v. City of Decatur, 16 Ala. App. 679, 81 So. 199; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209; Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143.

■ And as appellant correctly asserts, the charter of the Legislature is to be determined by its substance and not its form. Ex parte Henry Pfirrmann, 134 Cal. 143, 66 P. 205; Levy v. State, 161 Ind. 251, 68 N. E. 172; Mayor, Aldermen, etc., of City of New York v. Second Ave. R. R. Co., 32 N. Y. 261; Pittsburgh, Cincinnati & St. Louis R. Co. v. State of Ohio, 49 Ohio St. 189, 30 N. E. 435, 16 L. R. A. 380; Standard Oil Co. v. Graves, 249 U. S. 389, 39 S. Ct. 320, 63 L. Ed. 662.

The act in question is clearly intended as a bill to raise revenue, not a general revenue bill, to provide for the construction and maintenance of public roads and bridges, and to police and protect the same, and to guard the state convicts while engaged in construction and maintenance, and its enactment was in the exercise of the power of taxation and the power of police combined.

The United States Supreme Court, in a recent case dealing with the applicability of the Fourteenth Amendment to the Federal Constitution, observed: "The applicable principles are familiar. The States have a wide discretion in the imposition of taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the national government or violating the guarantees of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to insure revenue and foster their local interests. The States, in the exercise of their taxing power, as with respect to the exertion of other powers, are subject to the requirements of the due process and the equal protection clauses of the Fourteenth Amendment, but that Amendment imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to schemes of taxation. The State may tax real and personal property in a different manner. It may grant exemptions. The State is not limited to ad valorem taxation. It may impose different specific taxes upon different trades and professions and may vary the rates of excise upon various products. In levying such taxes, the State is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use, or value. To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure." Ohio Oil Company v. Conway, 281 U. S. 146, 159, 50 S. Ct. 310, 313, 74 L. Ed. 775.

■ The only limitation on the discretion in making classification is that the classification must not be arbitrary, a mere subterfuge to shield one class and burden the other. Moog v. Randolph, 77 Ala. 597; Postal Telegraph-Cable Co. v. City of Decatur, 16 Ala. App. 684, 81 So. 204; Toyota v. Territory of Hawaii, 226 U. S. 184, 33 S. Ct. 47, 57 L. Ed. 180.

The ruling of the circuit court of Montgomery county, sitting in equity, was in accordance with the foregoing views, and the decree sustaining the demurrer to the bill will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.