173 So. 864

**DEARBORN v. JOHNSON et al.**

**6 Div. 82.**

Supreme Court of Alabama.

April 15, 1937.

Wm. Alfred Rose and J. Edward Thornton, both of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

GARDNER, Justice.

Complainant seeks by this proceeding to assail the constitutionality of the act approved April 12, 1936, entitled, "An Act To provide for a more economical, convenient and uniform system of assessing and collecting taxes on real estate, including the enforcement of tax liens, in all Counties having a population of 110,000 or more, according to the last, or any succeeding Federal Census." Gen.Acts 1936, Ex.Sess., p. 205.

The constitutional questions raised, and here forcibly argued, will be considered in the order of their presentation in brief. The act here in question is original in character and form. It levies no tax (Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523), and makes no references to the general revenue law of the state. It neither raises nor reduces any tax, but provides a somewhat different machinery in the matter of assessment and collection thereof in the more thickly populated counties.

The fact that it originated in the Senate does not render the act invalid as violative of section 70 of the Constitution, wherein it is provided that "all bills for raising revenue shall originate in the house of representatives." The act is not one to raise revenue within the meaning and influence of this constitutional provision. It is purely one of an administrative character, a distinction referred to in the first paragraph of the opinion in Southern Railway Co. v. Mitchell, 139 Ala. 629, 37 So. 85.

This latter authority, as well as that of Perry County v. S., M. & M. R. R. Co., 58 Ala. 546, dealt with amendments to the general revenue law (see, also, In re Opinion of the Justices, 232 Ala. 95, 166 So. 807), and are readily distinguishable from the act here in question. As said in State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744, 745, "The mere fact that a bill relates to a subject embraced in the General Revenue Act does not make it * * * a revenue bill. Neither is it a bill to raise revenue."

Section 70 of our Constitution likewise provides that "no revenue bill shall be passed during the last five days of the session," and it is argued that as the act was passed on the last legislative day it must fall as violative of this provision. What has been said concerning the act and its relation to section 70 of the Constitution should suffice to indicate our view as to this latter contention. That the passage of the act on the last day of the session in no manner affects its validity is, we think, too clear for discussion, as it cannot in any manner be classed as a revenue bill within the meaning of said constitutional provision. The following citations suffice: State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509; State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744; Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858; In re Opinion of the Justices, 223 Ala. 369, 136 So. 589.

It is insisted the act is violative of section 104 (15) of the Constitution, wherein is the following: "The legislature shall not

,pass a special, private, or local law in any of the following cases: * * * (15) Regulating either the assessment or collection of taxes." This insistence is related to the further argument that the act violates also sections 105, 106, and 110, all of which is based upon the theory it is a local, and not a general law.

■ This court has long recognized certain character of classification proper for legislative purposes, particularly such as is based upon substantial difference of population as a reasonable basis; and giving rise to some reasonable necessity for a difference in legislation concerning several classifications. In this respect much has been left to legislative discretion. Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; State v. Gullatt, 210 Ala. 452, 98 So. 373; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Wages v. State, 225 Ala. 2, 141 So. 707; Steber v. State, 229 Ala. 88, 155 So. 708; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304.

■ The classification here is based concededly upon a substantial difference in population. It will not be assumed that this classification was arbitrarily fixed, but rather the contrary, that the lawmaking body acted in good faith and sincerity of purpose. Ward v. State, supra; Wages v. State, supra.

But it is argued there is no reasonable relation between the difference in population, which forms the basis of the classification and the purpose to be effected by the act, and the cases of Vaughan v. State ex rel. Barker, 212 Ala. 461, 103 So. 38; State v. Gullatt, 210 Ala. 452, 98 So. 373; Vaughan v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222, among others, are cited.

· ■ ■ But, as previously observed, much must be left to legislative discretion, and upon consideration of this act we are unable to say it is not based upon some such reasonable relationship as required by our decisions.

In the larger centers of population, the lawmaking body may well have considered that the unit system, as provided by this act, not only tended to a more economical administration, but also to the greater convenience of the taxpayer in the matter of assessment of his property, considering the limited time within which the assessment is to be made and the large number of taxpayers to be accommodated. In principle, the act is similar to that considered in State

ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278, and this authority fully supports the conclusion here reached.

We do not feel justified in declaring arbitrary, and without reasonable foundation, the population classification here employed. Nor can we accept the view that though the act may be a general law, yet as it is at present with local application only, section 105 of the Constitution is offended. But the matter of local application does not in any manner affect the further fact that the act is general, and if a general law, it cannot run counter to the above discussed section of our Constitution.

The argument as to the effective date of the act as of October 1, 1936, is rested upon the insistence the act designates Mobile and Jefferson counties, and is local in character.

We have previously observed that under all our decisions if the act is general, its validity is not affected by the fact that at the time of its enactment it can have only · local application as to one city or county. Wages v. State, supra. Counties which by subsequent federal census reach the designated population will fall within the influence of the act which became effective October 1, 1936, and continued effective from that date. We conclude the act does not offend the constitutional provision above considered.

■ The contention that the act is invalid as violative of section 45 of the Constitution is likewise without merit. The purpose of the constitutional provision that each law should contain but one subject, which shall be clearly expressed in its title, was well stated in Ballentyne v. Wickersham, 75 Ala. 533, and so frequently restated and well understood as to require no reiteration here. When the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Allman v. City of Mobile, 162 Ala. 226, 50 So. 238.

■ In discussing section 45 of our Constitution, as related to this act, complainant makes numerous references to the Revenue Code upon the assumption that it is amendatory of the general revenue act (Gen. Acts 1935, p. 256). True it makes some changes in regard to assessment and collection of ad valorem taxes, but it is not

amendatory of any act, but an original act providing for a method of assessment and collection of taxes in counties coming within the population classification. The mere fact that in some respects there is a change or modification of existing laws does not suffice to change the act from its original character into an amendatory law, as pointed out in State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520.

 So viewed, therefore, we think the subject is clearly expressed therein, and that this insistence needs no further discussion. Nor do we consider that the act contains more than one subject. We have often said that the requirements of this provision of our Constitution are not to be so exactingly enforced as to cripple legislation, and we are not of the opinion it is to be so construed as requiring separate legislation as to assessment and collection of taxes.

Broadly speaking, the subject may well be denoted as one concerning the ad valorem tax machinery in these most populous counties, which would very properly, of course, include both assessment and collection of taxes, and the sale of property for delinquent taxes is likewise comprehended therein.

Numerous decisions have discussed section 45 of the Constitution, a number of which are noted in Houston County v. Covington (Ala.Sup.) 172 So. 882,[1] and others cited by counsel have also been duly considered. Their recitation here is unnecessary. Perhaps State ex rel. Ward v. Henry, supra, from a practical standpoint, more nearly serves as an apt illustration.

Suffice it to say, that the argument of complainant in regard to this insistence has been carefully weighed in the light of the rules of these authorities so well understood, and that our conclusion is the act in no manner offends section 45 of the Constitution.

 Nor do we think the invalidity of this act is to be rested upon the theory of a denial of due process of law. Our cases recognize, in line with the authorities generally, that the due process clause of the Constitution (section 6) is applicable to tax proceedings, and it was so declared by this court in State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; State Tax Commission v. Tennessee Coal, Iron & R. Co., 206 Ala. 355, 89 So. 179. It only remains to ascertain what is necessary to meet the requirements of due process.

The property owner is aware of the fact that his property is subject to taxation. The assessment list, as prepared by the assessor, under the act here considered, will disclose the description of the property, to whom it was assessed, and the valuation thereof the year preceding. The board of review, to whom the list is delivered, then fixes the valuation. If there is no increase in valuation, the owner will know there has been no raise in the matter of assessment. But the act expressly provides that "in the event the Board of Review raises the assessed value of any property, notice of such raise shall be given to the party to whom said property was assessed." Gen.Acts 1936, Ex.Sess., p. 206, § 5. And in the Bailey and Howard Case, supra, the holding was that if the previous assessment valuation of his property was not raised, and his tax thereby increased, he suffered no damage and therefore has nothing of which to complain. See, also, 26 R.C.L., § 306; 61 Corpus Juris, § 692.

But there is a broader view that likewise answers complainant's contention. Section 5 of the act makes specific provision for a protest by the owner before the board of review as to the valuation placed on the property, with time fixed for such hearing. The act here in question only repeals so much of the general Revenue Code as conflicts therewith, leaving unaffected those applicable provisions not specifically treated. The act is in fact auxiliary to the Revenue Code. Among the provisions unaffected are the place of hearing at the courthouse and the right of the taxpayer to appeal within a given time to the circuit court from the ruling of the board, and a further appeal from the circuit to the Supreme Court. Sections 77 and 78, Revenue Code (Gen.Acts 1935, p. 294, §§ 77, 78). By law, therefore, the time and place of the meeting of the board of review is fixed with the right of full hearing in open session.

Speaking to a like insistence as to notice in tax proceedings, the Supreme Court of the United States in Pittsburg, Cincinnati, Chicago & St. Louis Rwy. Co. v. Backus, 154 U.S. 421, 14 S.Ct. 1114, 1116, 38 L.Ed. 1031, said:

"It is contended specifically that the act fails of due process of law respecting the assessment, in that it does not require no-

1 233 Ala. 606.

tice by the state board at any time before the assessments are made final; and several authorities are cited in support of the proposition that it is essential to the validity of any proceeding by which the property of the individual is taken that notice must be given at some time and in some form before the final adjudication. But the difficulty with this argument is that it has no foundation in fact. The statute names the time and place for the meeting of the assessing board, and that is sufficient in tax proceedings; personal notice is unnecessary."

And the opinion quotes approvingly the following from State Railroad Tax Cases, 92 U.S. 575, 610, 23 L.Ed. 663:

"This board has its time of sitting fixed by law. Its sessions are not secret. No obstruction exists to the appearance of any one before it to assert a right, or redress a wrong; and, in the business of assessing taxes, this is all that can be reasonably asked."

The cases of Hagar v. Reclamation District, 111 U.S. 701, 4 S.Ct. 663, 668, 28 L.Ed. 569, and Turner v. Wade, 254 U.S. 64, 41 S.Ct. 27, 29, 65 L.Ed. 134, cited by complainant, hold nothing to the contrary, but appear to reapprove the principle above announced. Illustrative is the following excerpt from Hagar v. Reclamation District, supra:

"The officers in estimating the value act judicially; and in most of the states provision is made for the correction of errors committed by them, through boards of revision or equalization, sitting at designated periods provided by law, to hear complaints respecting the justice of the assessments. The law, in prescribing the time when such complaints will be heard, gives all the notice required, and the proceeding by which the valuation is determined, though it may be followed, if the tax be not paid, by a sale of the delinquent's property, is due process of law."

And in Turner v. Wade, supra, the court, in differentiating that case, expressly stated that it did not come "within that line of cases wherein the statute has fixed the time and place of hearing with opportunity to the taxpayer to appear and be heard upon the extent and validity of the assessment against him." See, also, Londoner v. Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103, cited therein.

The cases of State Auditor v. Jackson County, 65 Ala. 142, and Lehman-Durr &

Co. v. Robinson, 59 Ala. 219, while containing some interesting discussions of the matter of tax assessments, nevertheless merely dealt with the proper construction of the statutes, and are of no material import here. Likewise as to Beltona Coal Co. v. Hawkins, 210 Ala. 359, 98 So. 26.

The principle announced in the cases from the United States Supreme Court, above noted, seems to be very generally recognized. See authorities cited to sections 1120–1122, Vol. 3, Cooley on Taxation (4th Ed.); 26 R.C.L. §§ 302–306; 61 Corpus Juris, page 565.

The taxpayer is presumed to know the law, and, therefore, to fully understand that his property is subject to assessment for taxation when the tax is due, and when delinquent. Under like presumption, he knows that the valuation is to be fixed by the board of review, and that in the absence of notice, the assessment of the preceding year remains unchanged, but if the valuation is increased, notice is to issue. Full opportunity is given to protest before the board. The time and place of meeting is fixed by the law, with full right to appeal to the courts if dissatisfied with the result. Without regard, therefore, to any other notice stipulated in the act, we are clear to the conclusion that this suffices to meet all requirements of due process of law, and that this objection is not well taken.

■■■ Our Constitution (section 21) provides that "no power of suspending laws shall be exercised except by the legislature," and it is urged this provision is violated in section 10 of the act (page 208), which reads as follows:

"This Act shall become effective in all counties subject hereto on October 1, 1936: Provided, the County Commission, Board of Revenue or other like or similar governing body of any such county may, on written request of the Tax Assessor of any such county, suspend the operation of this Act for not exceeding one year from and after said date by resolution duly passed and spread upon the minutes not less than thirty days prior to October 1, 1936."

Complainant places much reliance upon Mitchell v. State ex rel. Florence Dispensary, 134 Ala. 392, 32 So. 687, but the act there considered is vitally different from what is here presented. That act empowered certain individuals to incorporate and carry on a dispensary business, and, if they so desired, suspend or discontinue the business. But we need not dwell on the details.

of that act, and the discussion thereof in the opinion which we have here reviewed. Suffice it to say it furnishes no just analogy here.

On the other hand, the case of Hand v. Stapleton, 135 Ala. 156, 33 So. 689, contains a full discussion of the question with a statement of the principle here applicable, to the effect that though the Legislature may not delegate its power to make a law, yet it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. And we have numerous instances of acts passed to take effect upon the happening of a future event. Illustrative cases are found also in the more recent case of Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93. The principle is fully discussed with many illustrative cases in these two authorities, and we feel that further discussion would serve no useful purpose.

Here the Legislature fixed the effective date of the act, and the same body prescribed the method of an extension of its effective date through the governing body of the county acting as legislative agents in this respect. We are clear to the view there is here no violation of section 21 of our Constitution.

Upon due consideration of the various constitutional objections here interposed to the validity of the act, we are not persuaded they are well taken, and conclude in favor of the act's validity.

It results, therefore, that the lower court correctly ruled, and the decree rendered will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

