190 So. 824

## In re OPINIONS OF THE JUSTICES.
### No. 56.

Supreme Court of Alabama.

Aug. 18, 1939.

Senate Resolution.

Whereas, there is now pending in the Senate S. B. 283, which seeks to amend Section V of an Act entitled an "Act to Further Provide for the General Revenue of the State of Alabama", approved February 8, 1939; and,

Whereas, said Section V of said Revenue Act is the exemption section thereof and the amendment proposed by said S. B. 283 is amendatory of such exemption section and does not seek to raise revenue, but does seek to exempt from the sales tax, in addition to sales of tangible property exempted when said Act was approved, the following additional sales of property, viz: "(s) The gross proceeds of sales of medicine sold on the prescription of

licensed physicians and surgeons. (t) The gross proceeds of sales of caskets where the sale price of the casket is one hundred dollars or less."; and,

Whereas, reasonable doubt exists, as to the constitutionality of said S. B. 283, the same originating in the Senate.

Now Therefore, Be it resolved by the Senate that the Justices of the Supreme Court of Alabama, or a majority thereof, are hereby requested to render to this body their written opinion, as provided under Section 10290 of the Code of Alabama, as to whether said Act, a copy of which is hereto attached, marked Exhibit A, and made a part hereof, offends or is in conflict with that part of Section 70 of the Constitution of Alabama which provides, "All bills for raising revenue shall originate in the House of Representatives".

This is to certify that the above and foregoing is a true and correct copy of the resolution, S. R. 91, adopted by the Senate on the 37th Legislative day.

J. E. Speight
Secretary of Senate

The Bill referred to in the Resolution is in part as follows:
"By Mr. Rowe
"S. B. 283.

A Bill to be Entitled an Act to amend Section V of an act entitled an "Act to further provide for the general revenue of the State of Alabama", approved February 8, 1939.

Be it enacted by the Legislature of Alabama:

Section 1. That Section V of an act entitled an "Act to further provide for the general revenue of the State of Alabama", approved February 8, 1939, be and the same is amended to read as follows:

"Section V. Exemptions: There are however exempted from the provisions of this act and from the computation of the amount of the tax levied, assessed or payable under this Act the following: * * *" (reproducing subsections (a) to (r), both inclusive, of the original Act, and adding the following:) "(s) The gross proceeds of sales of medicine sold on the prescription of licensed physicians and surgeons. (t) The gross proceeds of sales of caskets where the sale price of the casket is one hundred dollars or less."
To the Honorable Senate of Alabama

Montgomery, Alabama
Gentlemen:

Replying to your Resolution No. 91, will say:

The bill in question is one whose purpose is to decrease the amount of revenue provided in the Sales Tax Act. That act is one whose purpose is solely to raise revenue.

Any bill, we think, whose chief purpose is to create revenue, or to increase or decrease revenue as created in another act is one to raise revenue and must originate in the House of Representatives under the first sentence in Section 70 of the Constitution.

Any bill which amends an act to raise revenue in respect to the amount thus to be raised, becomes when enacted a part of such act thereafter effective as though it had been incorporated in it as originally enacted.

The right of the Senate to propose amendments to revenue measures applies to pending bills which originated in the House, and not to such measures after they have been enacted. The amendatory bill is therefore itself a bill to raise revenue. See Perry County v. Selma, Marion & Memphis Railroad Company, 58 Ala. 546; In re Opinion of the Justices, 232 Ala. 95, 166 So. 807; State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744.

We therefore think that Senate Bill No. 283 violates Section 70 of the Constitution.
Respectfully,
Lucien D. Gardner
William H. Thomas
Virgil Bouldin
Joel B. Brown
Arthur B. Foster
Associates Justices

GARDNER, Justice (concurring specially).

Entertaining some doubt, I yield assent to the majority view, especially in view of the fact that it points the way to a safer course to pursue.