66 So.2d 921

## OPINION OF THE JUSTICES.

### No. 131.

Supreme Court of Alabama.
Aug. 11, 1953.

### Senate Resolution No. 45.

Be it resolved by the Senate of Alabama, that the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinion concerning the following important constitutional questions which have arisen concerning S. B. 318, a measure now pending in the Legislature:

1. Is the bill a bill to raise revenue which must originate in the House of Representatives under the provisions of Section 70?

The title of the bill is:

"A Bill To Be Entitled An Act Relating to Franklin County; levying additional privilege license and excise taxes in Franklin County; providing for the collection of such taxes by the State Department of Revenue; and providing for the enforcement of this Act."

Section 1 is in part as follows:

"There are hereby levied in Franklin County additional privilege license and excise taxes as follows:

"(1) Upon every person, firm, or corporation engaged or continuing within Franklin County in the business of selling at retail any tangible personal property whatsoever, including merchandise of every kind and character, * * * an amount equal to one percent of the gross proceeds of the sales of the business.

"(2) Upon every person, firm, or corporation engaged or continuing within Franklin County in the business of conducting or operating places of amusement or entertainment * * * where an admission fee is charged * * * an amount equal to one percent of the gross receipts of any such business. * . * *"

Section 3 provides, inter alia, that "Except as hereinafter provided, the proceeds of the taxes herein imposed * * * shall be used for the purpose of constructing and maintaining school buildings in Franklin County * * *. It is provided, however, that the first one hundred thousand dollars of the proceeds of the taxes herein imposed, or so much thereof as is necessary, shall be used for the construction of an agricultural building in which to provide quarters for the governmental agencies in the county whose functions relate to agriculture. * * *"

The Senate of Alabama
State Capitol
Montgomery, Alabama

Gentlemen:

In response to Senate Resolution No. 45, dated August 4, 1953, we wish to say:

Your first inquiry must be answered in the affirmative, is therefore dispositive of your resolution, so answer of the other questions will be pretermitted.

■ The question (No. 1) is: Is the bill a bill to raise revenue which must originate in the House of Representatives under the provisions of Section 70? As stated, we entertain the view that it is.

The first clause of the section mandates that "all bills for raising revenue shall orginate in the house of representatives." The last clause of the section provides that "no revenue bill shall be passed during the last five days of the session." The decisions have made a distinction between the first and last clause. In re Opinions of the Justices, 232 Ala. 60, 62, 166 So. 710. Your inquiry is to be determined by the first clause of the section.

■ The last clause has been held to apply exclusively to bills in the nature of general revenue bills. Dorsky v. Brown, 255 Ala. 238, 51 So.2d 360; In re Opinions of the Justices, 223 Ala. 369, 136 So. 589; Harris v. State, 228 Ala. 100, 151 So. 858.

■ The first clause, however, is not so restrictive and the meaning accorded that clause is that any bill "to levy a tax, as a means of collecting revenue" is a bill for raising revenue within its terms. Perry County v. Selma, M. & M. R. Co., 58 Ala. 546, 557. This interpretation was accorded the clause in Re Opinions of the Justices, 238 Ala. 289, 290, 190 So. 824, 825, where it was stated that "Any bill * * * whose chief purpose is to create revenue, or to increase or decrease revenue * * * is one to raise revenue and must originate in the House of Representatives under the first sentence in Section 70 of the Constitution."

It seems clear that the purpose of the bill exhibited is to raise revenue generally in Franklin County by the assessment of privilege licenses and excise taxes for two special purposes: (1) for constructing and maintaining school buildings in Franklin County and (2) for the construction of an agricultural building for quarters for the governmental agencies in the county whose functions relate to agriculture.

The rationale underlying is indicated in Re Opinions of the Justices, 233 Ala. 463, 464, 172 So. 661, 662, where there was under consideration the last clause of § 70 of the Constitution, where the act proposed to levy a two per cent sales tax on retailers, the act having been passed within the five-day period proscribed by the last clause against the enactment of revenue (held to be general revenue) bills. The opinion states:

"* * * it is our opinion that House Bill No. 179 is a bill 'for raising revenue,' which, under the provisions of section 70 of the Constitution, properly originated in the House, but is *not 'a revenue bill'* within the inhibition of the last clause of section 70 of the Constitution, that 'No *revenue bill* shall be passed during the last five days of the session.' (Italics supplied.)

"See Woco Pep Co. of Montgomery v. Butler, Chairman of State Tax Commission, 225 Ala. 256, 142 So. 509; Harris v. State ex rel. Williams, 228 Ala. 100 151 So. 858; In re Opinions of the Justices, 223 Ala. 369, 136 So. 589."

■ This first clause of the constitutional section has been held not to apply to bills which brought into play the exercise of the police power of the state and raising revenue was an incidental purpose thereto. Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; Houston County v. Covington, 233 Ala. 606, 172 So. 882; In re Opinions of the Justices, 223 Ala 369, 136 So. 589; Kennamer v. State, 150 Ala. 74, 43 So. 482. It is perhaps well to observe that the act dealt with in the Kennamer case and those considered in 233 Alabama and 223 Alabama, supra, were held not merely to raise revenue but to require those deriving special benefits to bear those heavier burdens and was within the police power of the state. In the bill under consideration, however, no such status exists, since the licenses and taxes here to be imposed are general in nature to raise revenue for the two specific purposes mentioned. Therefore, it is designed to impose a general burden for special benefits rather than "spe-

cial burdens for special benefits" as observed in 223 Ala. 369, 370, 136 So. 589, 590, in explaining the rationale of the Kennamer case.

So considered, our view is the bill should have originated in the House of Representatives.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
Associate Justices