*1268 To the Members of the Senate State Capitol Montgomery, Alabama 36130
Gentlemen:
Senate Bill 55, pending in the Senate, provides:
A BILL TO BE ENTITLED AN ACT
To provide for the rate of excise tax on gasohol as defined by this act; and to further provide that for all other purposes the term gasohol shall be included within the term gasoline as defined by Section 40-17-30 of the Code of Alabama 1975.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. “Gasohol” as used in this act shall mean a motor fuel containing a minimum of ten percent blend of ethyl alcohol of a purity of at least ninety-nine percent denatured in conformity with one of the approved methods set forth by the U.S. Department of the Treasury, Division of Alcohol, Tobacco and Firearms and derived from agricultural ór forest products or other renewable resources.
Section 2. Notwithstanding the other provisions of Chapter 17 of Title 40 of the Code of Alabama 1975, the amount of excise tax on gasohol shall be three cents per gallon less than gasoline. For all other purposes other than the amount of excise tax, the term gasohol shall be included within the term gasoline as defined in Section 40-17-30 of the Code of Alabama 1975.
Section 3. The provisions of this act are supplemental and shall not be construed to repeal any law not in direct conflict herewith.
Section 4. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Resolution No. 44, adopted by the Senate on February 21, 1980, is as follows:
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, S. B. 55, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does Senate Bill 55 of the pending legislative session, which levies an excise tax on the sale of gasohol, conflict with Section 70 of the 1901 Alabama Constitution which section provides in part that “All bills for raising revenue shall originate in the house of representatives.”?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send a sufficient number of true copies of the pending bill, S. B. 55, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
We answer the question in the affirmative.
Section 70 of the Constitution of 1901 in its entirety is as follows:
All bills for raising revenue shall originate in the house of representatives. The governor, auditor, and attorney-general shall, before each regular session of the legislature, prepare a general revenue bill to be submitted to the legislature, for its information, and the secretary of state shall have printed for the use of the legislature a sufficient number of copies of the bill so prepared, which the governor shall transmit to the house of representatives as soon as organized, to be used or dealt with as that house may elect. The senate may propose amendments to revenue bills. No revenue bill shall be passed during the last five days of the session.
Our cases have consistently made a distinction between “bills for raising revenue” *1269 contained in the first sentence of that section and “revenue bill” as used in the last sentence. [In re Opinions of the Justices, 232 Ala. 60, 166 So. 710 (1936), citing Southern Ry. v. Mitchell, 139 Ala. 629, 37 So. 85 (1904); In re Opinions of the Justices, 223 Ala. 369, 136 So. 589 (1931); State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278 (1931); State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744 (1932); Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509 (1932); Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858 (1933).]
Clearly the act sought to be amended by the proposed bill is an act “raising revenue.” In Opinion of the Justices, 249 Ala. 389, 31 So.2d 558, the following appears:
We have heretofore expressed the opinion that an act to amend an existing act whose purpose is to raise revenue by which the amount to be collected under the latter act as amended is decreased or increased, is an act to raise revenue and by the terms of section 70 must originate in the House of Representatives. In re Opinion of the Justices, 238 Ala. 289, 190 So. 284; id. 232 Ala. 95, 166 So. 807; Perry County v. Selma, Marion and Memphis R. Co., 58 Ala. 546.
If the proposed act affects the amount of revenue which flows into the State treasury, either as an original measure, or as an amendment to one already in existence, it is one to raise revenue as provided in the first part of section 70. A “revenue bill” under the last sentence of section 70 is more restrictive. In re Opinion of the Justices, 223 Ala. 369, 136 So. 589.
We are of the opinion that Senate Bill 55 is an act to raise revenue and, therefore, must, under the terms of the Constitution, originate in the House of Representatives.
Respectfully submitted,
C. C. TORBERT, Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY Associate Justices