223 So.2d 581

C. M. GLASGOW, as Secretary-Treasurer, et al.

v.

AETNA INSURANCE COMPANY et al.

3 Div. 373.

Supreme Court of Alabama.

May 29, 1969.

MacDonald Gallion, Atty. Gen., David W. Clark, Asst. Atty. Gen., and Edward J. Azar, Sp. Asst. Atty. Gen., for appellants.

Rushton, Stakely, Johnston & Garrett, Montgomery, for appellees.

SIMPSON, Justice.

The appellees in this case filed a bill of complaint seeking a declaratory judgment that Act No. 345 of the 1967 Regular Session of the Alabama Legislature, p. 896, was invalid under the Constitution of the United States and the Constitution of the State of Alabama.

Act 345 imposes in addition to all other premium taxes heretofore charged a premium tax of one per cent of the gross premium receipts on all policies of fire, lightning, extended coverage, inland marine, and allied lines and windstorm insurance written during a calendar year to be paid to the secretary-treasurer of the Alabama Fire Fighters' Pension Fund within ninety (90) days after the end of the calendar year.

Section 8 of Act 345 is as follows:

"In addition to any and all other premium taxes now imposed by law, every person, firm, corporation, association, or aggregation of underwriters doing fire insurance business within the State of Alabama shall within ninety days after December 31 of each year pay to the secretary-treasurer of the Alabama Fire Fighters' Pension Fund one per cent of the gross premium receipts on all policies of fire, lightning, extended coverage, inland marine and allied lines and windstorm insurance written by such persons, firms, corporations, associations, or aggregations of underwriters, during the preceding year covering property within this state. Provided, premiums collected on the aforesaid types of insurance policies covering property which is classified by the National Board of Fire Underwriters as unprotected property, shall be excluded in determining the gross premium receipts. In the event that any of such persons, firms, companies, corporations, associations, or aggregations of underwriters shall knowingly or willfully fail to pay within the time above prescribed the premium tax above levied, the secretary-treasurer of the Alabama Fire Fighters' Pension Fund shall report such delinquent taxpayer to the superintendent of insurance. Upon receipt of such report, the superintendent of insurance shall immediately cancel such delinquent's license to do business in the State."

It was and is here the contention of the appellees that the act is unconstitutional in that:

"1. Act 345 (Section 8) provides for the revocation of an insurance company's

license by the Superintendent of Insurance without a right to any hearing of the matters at issue, which is in violation of the due process clause of the Fourteenth Amendment of the Federal Constitution.

"2. Act 345 is unconstitutional by virtue of the delegation (contained in Sections 1 and 2 of the Act) to Southeastern Underwriters Association of the lawmaking power vested solely in the Legislature."

It is also the contention of the appellees that the act is unconstitutional in that it is a bill for raising revenue which under the provisions of Section 70 of the constitution must properly originate in the House, whereas this bill originated in the Senate.

It is the State's contention that the trial court erred in taking jurisdiction of this case in that the appellees had an adequate remedy at law. The contention of the State is that Title 51, Sections 890 and 891, Code of Alabama 1940 (recompiled, 1958) provides an adequate remedy whereby the taxpayer (appellees here) could pay the tax under protest and commence suit against the officer collecting the tax. However, a careful reading of these statutes will indicate that where such tax is paid under protest, it will be paid to the state treasurer who holds the money in a special account and upon a determination by the courts that the tax was illegally collected, refunds are to be made from this account by the state treasurer.

■ These statutes are not applicable to the act which we have before us. Section 8 quoted above provides that the taxes involved in this bill are to be paid to the secretary-treasurer of the Alabama Fire Fighters' Pension Fund. We agree with the trial court that the appellees here have stated a basis for equitable relief.

■ The trial court found that this act was unconstitutional in that Section 8 violated the due process clause of the Federal Constitution in that it provides for no

notice or an opportunity to be heard before the superintendent of insurance is authorized to cancel the company's license to do business in Alabama. In this we agree. It is fundamental that due process of law requires that notice and an opportunity to be heard must be given. This act is absolutely silent with regard to any hearing which might be contemplated before one's license is cancelled. It provides for no notice to be given to the licensee and makes no provision for an administrative hearing or anything else. It makes no provision for any judicial review of the acts of the secretary-treasurer of the Alabama Fire Fighters' Pension Fund or of the superintendent of insurance. We agree with the trial court that in this, this act violates the constitution. Evans v. Evans, 200 Ala. 329, 76 So. 95.

The State contends that in brief "from aught that appears the legislative intent, by the use of such words ['knowingly or willfully failed to pay', referring to those words as used in Section 8 of the act set out above] intended, expected and required that the board of trustees of the Alabama Fire Fighters' Pension Fund, or perhaps the Secretary-Treasurer of such Board, would conduct an administrative hearing, of which a defaulting company would receive reasonable notice and be accorded an opportunity to hear evidence against itself and to offer evidence and be heard in its own behalf, in order for the determination to be made that such defaulting company had 'knowingly or willfully failed' to comply with the act."

The silence of the legislature is equally capable of being construed to mean that the legislature did not intend for a defaulting taxpayer to be afforded any notice or any hearing before the cancellation of his license. We believe that it is taking the principle that legislative acts should be construed in a manner which would effect their constitutionality too far to read into this act the provisions which the state contends their silence is capable of including. We must, therefore, agree with the trial

court that Section 8 of this act violates the constitution.

Inasmuch as this is the conclusion we have reached we see no need to consider whether the act is unconstitutional in other respects. We might note, however, that we believe that this act is a revenue measure and that the same should have originated in the House. The Opinion of the Justices, 259 Ala. 514, 66 So.2d 921. See also the Opinion of the Justices, 238 Ala. 289, 190 So. 824, where it was stated that "Any bill * * * whose chief purpose is to create revenue, or to increase or decrease revenue * * * is one to raise revenue and must originate in the House of Representatives under the first sentence in Section 70 of the Constitution." We believe that this bill clearly falls within that definition.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.