298 So.2d 6

**MARCOAL, INC., a corp.**

v.

**UNITED MINE WORKERS OF AMERICA, etc., et al.**

**SC 600.**

Supreme Court of Alabama.

July 11, 1974.

Thomas, Taliaferro, Forman, Burr & Murray and C. V. Stelzenmuller and Mark Taliaferro, Jr., Birmingham, for appellant.

**568**

Drake, Knowles & Still, University, for appellees.

FAULKNER, Justice.

On June 7, 1972, Marcoal, Inc. filed suit against the United Mine Workers of America and others for causing the breach of an employment contract by employees of Marcoal. A disruption around Marcoal's coal mine caused cessation of activities for approximately fourteen days, and it sought damages for the various losses it suffered during that period.

The defendants in the above suit tendered written interrogatories to Marcoal on November 1, 1972. After the expiration of nearly six months, the answers to those interrogatories had not been received. At that time, the law in this state, by virtue of Title 7, § 483, Code of Alabama 1940, Recompiled 1958, provided that a party had sixty days within which to respond to written interrogatories. In any event, the defendants filed a motion to dismiss for want of prosecution, or in the alternative for a continuance. Two earlier continuances had been granted at the request of the defendants. On April 26, 1973, the trial court granted the motion and the case was dismissed. This was on the same day that it was filed in an ex parte hearing. From all indications, no one representing the plaintiff, Marcoal, Inc., even knew about the motion until after it had been granted. Answers were later provided to U.M.W. on April 30, 1973. Subsequently, a motion was offered asking the trial court to set aside its order of dismissal. After a hearing on *this* motion, it was denied, and this appeal followed.

The principal issue here centers around the application of two sections of the Alabama Code dealing generally with the proceedings on failure to answer interrogatories. Section 483 of Title 7 establishes the various penalties that the court may resort to upon a party's failure to submit answers. This section obviously contemplates judicial action ex mero motu. Title 7, § 486 deals with enforcement of § 483 penalties, when initiated by a motion from the propounding party. There is one overriding difference in the two sections and it forms the basis of this appeal. Section 486 specifically requires that the defaulting party be given ten days notice be-

fore the court enforces any of the penalties prescribed by § 483. This is obviously to enable him to cure his default prior to the hearing. (Both of these sections have since been superseded by Rule 37 Alabama Rules of Civil Procedure.) It is undisputed that this notice provision of § 486 was not complied with in the present case. As a result, Marcoal contends that it has been deprived of due process of law. We must agree with this, in spite of an artful attempt on the part of counsel for U.M.W. to weave §§ 483 and 486 into one fabric. We would agree that it makes little sense to allow a court to exercise these sanctions on its own, with no notice to the defaulter, and yet require ten days notice when called upon to do its duty by the propounding party. However, the wording of § 486 leaves little doubt that ten days notice is a requisite, and this is in keeping with the precepts of due process, § 483 notwithstanding. Try as we may to read these statutes together, at the behest of the appellee, we can find no escape from the ten day notice provision.

 A dismissal for any reason is a severe sanction which should be resorted to *only* in appropriate circumstances. Where lesser sanctions are available they should be tried. In this case, there was never any effort to order the plaintiff to answer, or call him before the court to show cause. In fact, previous delays had resulted from continuances granted at the request of the defendants. Even without § 486, we have little problem finding a violation of the fundamental notions of due process, which form the very heart of our judicial system. The case of Evans v. Evans, 200 Ala. 329, 76 So. 95 (1917) has been cited by this court on numerous occasions for the following statement:

> "For due process of law means notice, a hearing according to that notice, and a judgment entered in accordance to that notice and that hearing. That is to say, the Fourteenth Amendment to the federal Constitution guarantees that the defendant shall be given that character of

notice and opportunity to be heard which is essentially due process of law."

See Glasgow v. Aetna Insurance Co., 284 Ala. 177, 223 So.2d 581 (1969); Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963); Frahn v. Greyling Realization Corp., 239 Ala. 580, 195 So. 758 (1940).

U.M.W. argues that any denial of due process was cured when Marcoal was given a hearing de novo on its motion to vacate the order of dismissal. At first blush this sounds reasonable; however, any practitioner knows this second hearing was a horse of a different color. At that point, Marcoal was "out of-court" and had to bear the heavy burden of persuading the trial court that it had made a mistake. Both sides were no longer in the same posture in the eyes of the court. Marcoal was then cast in the role of a supplicant rather than a plaintiff.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, BLOODWORTH and JONES, JJ., concur.