HOLMES, Judge.
The plaintiffs appeal the trial court’s dismissal of their law suit.
The plaintiffs filed a complaint on January 23, 1987, alleging certain statutory violations regarding an election in connection with the annexation of certain property. The defendants filed a motion for a more definite statement on February 25. After a hearing on April 17 at which the plaintiffs submitted an amended complaint, the motion was granted, and, pursuant to Rule 12(e), Alabama Rules of Civil Procedure, the plaintiffs were ordered to respond within ten days. The plaintiffs failed to comply with that order.
On July 15 the defendants moved, pursuant to Rule 41(b), A.R.Civ.P., that the action be dismissed for the plaintiffs’ failure to obey the order and for their failure to duly prosecute the claim. That motion was granted, and the plaintiffs’ case was dismissed on July 17. The plaintiffs filed a response to the motion for a more definite statement on July 21 — some three months after it was due as ordered by the trial court pursuant to Rule 12(e) and after the case had already been dismissed.
The plaintiffs, thereafter, filed a motion to reconsider the trial court’s decision. After a hearing the motion was denied, and the dismissal of the plaintiffs’ case was thereby affirmed.
The plaintiffs appeal and we affirm.
The dispositive issue is whether the trial court abused its discretion in dismissing the case.
The trial court’s order granting the defendant’s motion to make a more definite statement was made pursuant to Rule 12(e), A.R.Civ.P., which provides in pertinent part as follows:
“If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.”
(Emphasis supplied.)
As indicated, the plaintiffs failed to respond to the motion for a more definite statement. Thereafter, the defendants filed their motion pursuant to Rule 41(b), A.R.Civ.P., to have the plaintiffs’ case dismissed for failing to comply with the trial court’s order to make a more definite statement and for generally failing to prosecute their claim. The trial court granted this motion and dismissed the case.
The standard of review on appeal of a trial court’s dismissal of a case pursuant to Rule 41(b) is whether the trial court’s action is supported by the evidence. Nettles v. First National Bank, 388 So.2d 916 (Ala.1980). The trial court’s ruling need only be supported by credible evidence, and it will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Feaster v. American Liberty Insurance Co., 410 So.2d 399 (Ala.1982).
State v. Horton, 373 So.2d 1096, 1097 (Ala.1979), holds as follows:
“ ‘[The] “failure to prosecute” under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial.’ Bendix Aviation Corp. v. Glass, *1225 32 F.R.D. 375, 377 (E.D.Pa.1962), aff’d 314 F.2d 944 (3rd Cir.), cert. denied 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).”
The plaintiffs contend that the record does not support the trial court’s dismissal of the case and that such a dismissal is a violation of due process. We disagree.
The plaintiffs are correct, of course, in asserting that a dismissal is a severe sanction which should be resorted to only in appropriate circumstances. Marcoal, Inc. v. United Mine Workers, 292 Ala. 567, 298 So.2d 6 (1974). Their reliance on Marcoal, however, is misplaced.
In that case the supreme court did reverse a trial court’s dismissal of a case. In doing so, however, it made the following pertinent statement: “In this case, there was never any effort to order the plaintiff to answer, or call him before the court to show cause.” Marcoal, 292 Ala. at 569, 298 So.2d at 8. The circumstances of the instant case are quite different from those in Marcoal.
In the case at bar there were two different hearings at which the plaintiffs were given an opportunity to make their case. The plaintiffs cannot now be heard to complain that they were not given ample opportunity to address the court regarding the sufficiency of their complaint and any reasons for their failure in complying with the court’s order thereto.
Our review of the record supports the trial court’s action in this case. At those times when the plaintiffs did supplement their complaint—albeit untimely—the plaintiffs’ response could hardly be seen as responding to the court’s order for a more definite statement. That is, the plaintiffs merely added to their complaint a claim for mental anguish and attorney’s fees. What other few facts were alleged did not significantly alter the original complaint.
In short, the trial court’s order was clear; the plaintiffs neither timely nor adequately responded to it; and the dismissal of the case, therefore, either pursuant to Rule 12(e) or 41(b), was within the discretion of the court.
Again, we note that we are well aware that our system of notice-pleading does not favor dispensing with cases prior to an adjudication on the merits. However, here the court’s express and simple order was clearly not complied with.
As noted in Selby v. Money, 403 So.2d 218, 220 (Ala.1981), “in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits.”
From our review of the record, we are not prepared to find that the trial court was plainly and palpably wrong in deciding that that point had been reached in this case.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.