RUSSELL, Judge.
After paying taxes under protest, Krupp Oil Company, Inc., filed a complaint for declaratory judgment, challenging the constitutionality of Act No. 87-662, Ala.Acts 1987 (the Act), because it allegedly violates article IV, § 70, of the Constitution of Alabama. The trial court issued a declaratory judgment declaring that the Act is a revenue bill which originated in the Alabama Senate and that it is unconstitutional and void because it violates article IV, § 70, of the Alabama Constitution of 1901. It ordered that Krupp be repaid the taxes paid under protest in the amount of $44,088.77. James M. Sizemore, Jr., commissioner of the State Department of Revenue (commissioner) appeals. We reverse and remand.
At the outset we note that Act No. 87-662, which amended § 40-23-26, Ala. Code 1975, originated in the Alabama Senate. Section 40-23-26 provides for the addition of sales tax, as a direct tax on the retail consumer, to the purchase price of retail sales. The Act added subsection (d) to § 40-23-26, which provides as follows:
“(d) In the event that any sum is collected from a consumer that purports to be collected because of this section, whether or not the amount is actually provided for hereunder, then any such sum, except such as is collected solely because of rounding the correct amount of tax upward to the nearest cent, shall be paid to the department of revenue for the purposes provided in section 40-23-35.”
The purpose of the Act as set out in the preamble is as follows:
“This bill amends Section 40-23-26, Code of Alabama 1975 to provide that any over collection of sales tax by a retailer from the customer is paid over to the state and not retained by the retailer as a windfall to enhance the net profits of the business, unless such over collection results solely from rounding the correct amount of tax upward to the nearest cent.”
The Department of Revenue, after an audit of Krupp, demanded additional sales tax and interest in the amount of $43,-030.04 for sales tax that Krupp had over-collected from consumers on beer and tobacco sales. Krupp had collected the sales tax on the total price, incorrectly including the portion of the sales price that was for beer and tobacco consumer taxes.
The commissioner contends that the Act does not violate article IV, § 70, of the Alabama Constitution by originating in the senate because, he argues, it is not a revenue bill or a bill to raise revenue.
Section 70 provides, in pertinent part, that “[a]ll bills for raising revenue shall originate in the house of representatives.” The trial court found that the Act was a revenue bill that originated in the senate in violation of § 70, making the act unconstitutional. However, we disagree.
The language of the preamble, and of the Act itself, indicates that the Act’s primary purpose is not to levy a tax or to raise revenue. Rather its indicated purpose is to prevent the retailer from reaping a “windfall,” which results when the retailer overcharges the consumer by charging sales tax on other consumer taxes. If the retailer collects the correct amount of sales tax *213 from its customers, there will be no new revenue coming into the state coffers.
The constitutional provision in § 70 refers to bills which levy a tax as a means of collecting revenue. Yancey & Yancey Construction Co. v. DeKalb County Commission, 361 So.2d 4 (Ala.1978); Opinion of the Justices, No. 131, 259 Ala. 514, 66 So.2d 921 (1953). “[W]hen an act has for its main purpose provision for the general welfare by enacting a scheme within the state’s police power, it is not one to raise revenue, though it does so as an incident to such scheme.” Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 260, 174 So. 516, 525 (1937). In the present case we find that the main purpose of the Act is to provide for the general welfare by discouraging the collection of sales tax by the retailer on other consumer taxes and that the Act does not levy a tax as a means of collecting revenue.
Krupp argues that the Act amends an existing revenue act and, therefore, violates § 70 of the Constitution of Alabama. If the purpose of an act is to decrease or increase the amount to be collected under an existing act whose purpose is to raise revenue, it is an act to raise revenue. Opinion of the Justices, No. 264, 379 So.2d 1267 (Ala.1980); Opinion of the Justices, No. 78, 249 Ala. 389, 31 So.2d 558 (1947).
In addition, the Supreme Court of Alabama stated in Opinion of the Justices, No. 248, 357 So.2d 331 (Ala.1978), that a bill which changes the distribution of funds received by the state is not a bill for raising revenue under the terms of § 70. It quoted from State ex rel. Franklin County v. Hester, 224 Ala. 460, 140 So. 744 (1932), as follows:
“ ‘The purpose of this suit is to test the constitutionality of the Act of July 22, 1931. Acts, p. 604.
“ ‘The title of that act purports to amend section 4½ of the General Revenue Act of 1919, p. 284. No other feature of the act refers in terms to the Revenue Act of 1919. But it relates to the matter embraced in section 4x/2 of the Revenue Act. That act created a trial tax of $3 in every case in the circuit court and directed its payment into the general funds of the state treasury. The act of 1931 re-enacts the provision for a trial tax fixing the same amount, but provides that one-half of it shall be paid to the state and one-half to the county, and that the clerk or register may retain a commission of 5 per cent. The act, therefore, does not raise, increase, or decrease revenue.
[[Image here]]
“ ‘... We think it is clear that the mere fact that a bill proposes to change some features of the revenue act with respect to the disposition of funds raised under its terms does not make it a “revenue bill” regulated by the provisions of Constitution section 70. Such a bill is not “in the nature of a general revenue bill.” ’ ”
357 So.2d at 333.
In the present case, even though the Act amends an existing act for raising revenue and reenacts a material part of the existing act, the purpose of the amendment of § 40-23-26 by the Act is not to increase or decrease the amount to be collected under the existing act. Therefore, we find that the Act is not an act to ráise revenue as addressed in § 70 and that the Act is not unconstitutional because it originated in the senate.
While the above is dispositive of this case, because of issues remaining before the trial court, we choose to address the next contention of the commissioner.
The commissioner next contends that, even if the Act were unconstitutional, the overcollection of sales tax from a customer by a retailer which is remitted to the state is not refundable to the retailer. He states that retailers have clearly been informed that sales tax is not applicable to the beer tax and tobacco tax levied on those products and that, pursuant to Ross Jewelers, Inc. v. State, 260 Ala. 682, 72 So.2d 402 (1953), Krupp, as the retailer, is not entitled to a refund. In Ross Jewelers, it was determined that allowing the retailer to benefit from excess sales tax collected *214 from its customers would be an unjust enrichment” and that, because the parties from whom the excess collections were made (the customers) were not before the court, the excess collections should belong to the state.
Krupp argues that Ross Jewelers is not applicable here because Ross Jewelers involves an appeal from a levy of a final assessment of sales taxes and the present case involves a payment of taxes under protest, in which there must be a refund in the case of an excessive or an illegal payment of sales tax. However, we find no merit to this argument because a refund, when required, must be made in both cases. In addition, although there is an excessive or illegal payment of sales tax in the present case, it is made by the ultimate consumer and not by the retailer; therefore, the retailer is not entitled to the refund. As was stated in Ross Jewelers, “[i]n the present case the tax is laid against the customers of the retailer and not the retailer, the only duty or obligation of the retailer in the present case being to collect the tax from its customers and remit such collections to the State.” 260 Ala. at 691, 72 So.2d at 409.
Krupp also argues that Ross Jewelers fails to consider several things, including the difficulty in computing the proper amount of sales tax. Krupp further argues that the taxes collected by the commissioner are based on thousands of retail transactions at numerous retail outlets over a period of three years and that the burden to segregate and properly compute the proper amount of each tax is “virtually insurmountable and creates an unwanted administrative nightmare.” However, we note that Krupp apparently was able to compute the proper amount of the tax to remit to the commissioner and now protests the payment to the state of the remainder of the taxes actually collected. We find no merit to its argument.
Based on the above, the judgment is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN, J., concur.