LONG, Presiding Judge.
The appellant, Brandon Shane Finley, was convicted of driving under the influence of alcohol, a violation of § 32-5A-191, Ala.Code 1975. He was sentenced to six months’ imprisonment, which sentence was suspended. His driver’s license was suspended for 90 days, and he was fined $500 and was ordered to pay court costs. See § 32-5A-191(e), Ala. Code 1975.
The appellant contends that the provisions of § 32-5A-191, Ala.Code 1975, setting fines for a violation of that section, which were substantially increased in 1995 pursuant to Act No. 95-784, Alabama Acts 1995, are unconstitutional because, he says, they amount to a revenue raising measure that improperly originated as a bill in the Alabama State Senate and not in the Alabama House of Representatives, where revenue measures are required to originate. The appellant relies on Article IV, § 70, of the Alabama Constitution of 1901, which provides that bills for raising revenue must originate in the House of Representatives. The appellant is right that Act No. 95-784, which amended § 32-5A-191, originated in the Senate. We do not, however, agree with the appellant’s argument.
The provision of § 70 refers to bills that levy a tax as a means of collecting revenue. Sizemore v. Krupp Oil Co., 597 So.2d 211, 213 (Ala.Civ.App.1992); Yancey & Yancey Construction Co. v. DeKalb County Commission, 361 So.2d 4 (Ala.1978); Opinion of the Justices, No. 131, 259 Ala. 514, 66 So.2d 921 (1953). “[W]hen an act has for its main purpose provision for the general welfare by enacting a scheme within the state’s police power, it is not one to raise revenue, though it does so as an incident to such scheme.” Krupp Oil, 597 So.2d at 213, quoting Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 260, 174 So. 516, 525 (1937).
In United States v. Munoz-Flores, 495 U.S. 385, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990), the United States Supreme Court addressed an argument comparable to the appellant’s here. Munoz-Flores involved a special assessment to the Crime Victims Fund under 18 U.S.C., § 3013, imposed on any person convicted of a federal misdemean- or. Munoz-Flores argued that the law creating the special assessment violated the Origination Clause of the United States Constitution.[1] The Supreme Court stated that a “statute that creates a particular governmental program and that raises revenue to sup *260 port that program, as opposed to a statute that raises revenue to support Government generally, is not a ‘Bil[l] for raising Revenue’ within the meaning of the Origination Clause.” Munoz-Flores, 495 U.S. at 398, 110 S.Ct. at 1972. The Court then found that the primary purpose of the law providing for the special assessment was to create a “discrete governmental program” and to provide to support the program. Munoz-Flores, 495 U.S. at 400, 110 S.Ct. at 1974. Accordingly, the Court held that the law was not one for raising revenue and was not passed in violation of the Origination Clause.
We hold that the primary purpose of the increase in fines for DUI convictions brought about by Act No. 95-784 is to deter persons from driving under the influence and further hold that the primary purpose of the Act is not to collect revenue. See Krupp Oil, supra, 597 So.2d at 213. Even though the DUI statute generates revenue in the form of fines, the revenue generated from the fines imposed under the statute is incidental to its primary purpose. Act No. 95-784 is not a revenue bill within the meaning of § 70.
For the reasons stated above, the trial court’s judgment is affirmed.
AFFIRMED.
All Judges concur.

. The Origination Clause mandates that all bills for raising revenue originate in the United States House of Representatives.